IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dyshum Michael Jones, #214747, ) | C. A. No. 2:10-1683-DCN-RSC |
| ) | |
| Petitioner, ) | |
| ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Lavern Cohen, Warden of ) | |
| Ridgeland Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |

This habeas corpus petition under 28 U.S.C. § 2254[1] brought

---

[1] Jones denominated his petition as one brought pursuant to 28 U.S.C. §2254, but thereafter indicated that his petition was actually brought under 28 U.S.C. §2241. Where a state inmate is challenging the execution of his state court sentence, circuit courts are split on whether 28 U.S.C. § 2241 or § 2254 is the proper statute under which a state inmate should proceed. The majority view is that § 2254 is the exclusive vehicle for habeas corpus relief by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction. Gregory v. Coleman, 218 Fed. Appx. 266 (4th Cir. 2007) (unpublished) (recognizing majority view but declining to indicate whether the Fourth Circuit would join the majority of Circuit Courts); see, e.g., White v. Lambert, 370 F.3d 1003, 1005 (9th Cir. 2004); Cook v. New York State Div. of Parole, 321 F.3d 274, 277-79 (2d Cir. 2003); James v. Walsh, 308 F.3d 162, 166-67 (2d Cir. 2002); Coady v. Vaughn, 251 F.3d 480, 484-86 (3d Cir. 2001); Walker v. O'Brien, 216 F.3d 626, 632-33 (7th Cir. 2000); Crouch v. Norris, 251 F.3d 720, 722-23 (8th Cir. 2001); Medberry v. Crosby, 351 F.3d 1049, 1058-62 (11th Cir. 2003); but see, Montez v. McKinna, 208 F.3d 862, 869-71 (10th Cir. 2000); Greene v. Tennessee Dep't. of Corr., 265 F.3d 369 (6th Cir. 2001).
Jones has brought previous habeas corpus petitions under 28 U.S.C. §2254,(See Jones v. Catoe, Civil Action No. 2:99-2207 and Jones v. Maynard, Civil Action No. 2:02-2321). So that if this is a §2254 it, should be dismissed as successive and because he did not seek or receive permission to bring a successive petition

1

by a state prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the respondents' motion for summary judgment filed on August 5, 2010. 28 U.S.C. § 636(b).

**PROCEDURAL HISTORY**

The petitioner, Dyshum Michael Jones, is presently confined to Ridgeland Corrctional Institution, a facility of the South Carolina Department of Corrections (SCDC). He is serving a thirty (30) year sentence for Kidnapping First Degree, Armed Robbery, Strong Armed Robbery, and Assault and Battery. The Petitoner's convictions were entered in the Court of General Sessions for Greenville County, South Carolina on September 23, 1994, and March 22, 1995, pursuant to a jury verdict of guilty.

Since the Petitioner is serving a sentence of kidnapping (§ 16-3-910); burglary in the first degree (§ 16-11-311); and armed robbery (§ 16-11-330(A)), pursuant to S.C. Code Ann. § 24-13-230, he is ineligible to receive Earned Education Credit to reduce the time he must spend in incarceration. Jones was not required by SCDC policy to enroll in or complete any educational programs. Although he could not receive any reduction in the time he must serve in prison, he nonetheless voluntarily enrolled in nine (9)

---

for the Fourth Circuit Court of Appeals. See, 28 U.S.C. § 2244(b)(3)(A).
  In an abundance of caution stemming from the petitioner's pro se status, the matter will be considered as brought under § 2241. Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197 (2007).

separate educational programs. Jones was terminated from three (3) of the programs because he was sent to lock-up, he was terminated from one (1) of the programs because he was expelled, he was terminated from two (2) of the programs because he was transferred, and he was terminated from one (1) of the programs because of he voluntarily withdrew. Jones did successfully complete Adult Education II and Carpentry; again, because of his status as a violent offender he did not receive Earned Educational Credits.

Jones began in his incarceration on July 14, 1994. However, the Petitioner did not begin his first job until November 1, 1994, and due to a disciplinary infraction, he was terminated from his job on November 19, 1994. Jones got a new job January 17, 1995, which lasted until Jones was transferred to a different SCDC institution on February 22, 1996. Due to his numerous disciplinary infractions, he was not assigned a job until October 21, 1998. Jones was again without a job from January 31, 2001, until July 6, 2001, due to another prison transfer. He was removed from a job on March 11, 2003, because he was placed in the Special Management Unit because of disciplinary infractions. Thereafter, he began work again on March 10, 2005.

On or about May 23, 2006, Jones filed a Step 1 SCDC Grievance complaining that he was not receiving Earned Work Credits and Earned Educational Credits and that he was ineligible

for Earned Educational Credits to be credited toward his sentence, which grievance was denied.

On or about July 5, 2006, Jones appealed the denial by filing a Step Two Grievance which was also investigated and denied because Jones had been properly credited with the correct number of Earned Work Credits and, again, he was statutorily precluded from receiving Earned Educational Credits because he was incarcerated for violent crimes.

On or about October 11, 2006, Jones filed a notice of appeal before the Administrative Law Court challenging the final agency decision, the SCDC Step 2 denial. On May 7, 2008, the Honorable Paige Gossett, Administrative Law Judge, affirmed the final agency decision and dismissed Jones' appeal.

On July 3, 2008, Jones filed a notice of appeal before the South Carolina Court of Appeals challenging Judge Gossett's denial, upholding the SCDC's final agency decision. On or about May 20, 2010, the South Carolina Court of Appeals affirmed the decision of the Judge Gossett.

This petition followed on June 25, 2010. Thereafter, Jones filed a Petition for a Writ of Certiorari in the South Carolina Supreme Court on August 4, 2010, which Petition is currently pending.

The respondent's motion for summary judgment was filed the next day on August 5, 2010. On August 9, 2010, the petitioner

was provided a copy of the respondent's summary judgment motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The petitioner filed an opposition to the motion on August 30, 2010. Hence it appears consideration of the motion is appropriate.

## **HABEAS ALLEGATIONS**

Petitioner raised the following allegation in the instant petition for Writ of Habeas Corpus under 28 U.S.C. § 2241:

### Statement of Claim

> The Petitioner Dyshum Michael Jones, #214747, began serving his thiry (30) year sentence on July 24, 1994.
>
> Pursuant to SCDC Policy Respondents assigned Petitioner to a Earn Work Credit Job using Standardlize Criterias which include such factor as Education/vocation. OP-21.04 (sic).
>
> The respondents also made it Mandatory the . . . requirement that Petitioner participate in a productive academic Program OP-21.07
>
> The Petitioner will also not be allowed to refuse any Mandatory Educational assignment or other Mandatory ... Programs, or Petitioner would be subjected to disciplinary actions. OP-21.04 and OP-21.07
>
> Because Earn Work Credits will be used to Compensate Petitioner for Enrollment and active participate in academic Programs. OP-21.04
>
> However, From February 22nd, 1996 until October 21st, 1998; January 31st, 2001 until June 6th, 2001; and March 11th, 2003 until March 10th, 2005,

5

> Respondents assigned Petitioner to Mandatory
> Educational Program for Employment and Pay
>
> But, Respondents have failed and refuse to award
> Petitioner with Earn Educational Credits or Earn
> Work Credits for attending the Mandatory
> Educational Program Respondents assigned
> Petitioner to for Employment and Pay.

Petitioner's Complaint Pg. 9.

## DISCUSSION

A review of the record and relevant case law reveals that this petition cannot be reviewed on its merits because it remains unexhausted and should be dismissed without prejudice on that basis.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective April 24, 1996, is applicable to this action filed in 2010. Federal remedies of a writ of habeas corpus under 28 U.S.C. § 2241 and a writ of habeas corpus under 28 U.S.C. § 2254 can only be sought after the petitioner has exhausted his state remedies. See 28 U.S.C. § 2254(b); <u>Picard v. Connor</u>, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); <u>Braden v. 30th Judicial Circuit Court</u>, 410 U.S. 484, 490-491, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973) (exhaustion also required under 28 U.S.C. § 2241); and <u>Moore v. DeYoung</u>, 515 F.2d 437, 442-443 (3rd Cir. 1975) (exhaustion required under 28 U.S.C. § 2241). Assertions of error in criminal proceedings must first be raised in state court in order to form the basis for relief in this court.

South Carolina law provides that, as to certain prison administrative decisions that affect an inmate's sentence, the inmate may seek review from the South Carolina Administrative Law Court. See <u>Al-Shabazz v. State of South Carolina</u>, 338 S.C. 354, 527 S.E.2d 742, 750 (S.C. 2000); see also <u>Slezak v. S.C. Dep't of Corr.</u>, 361 S.C. 327, 605 S.E.2d 506, 507 (S.C. 2004). These issues include situations where an inmate believes that prison officials have erroneously calculated sentence-related credits, as in the instant petition. <u>Sullivan v. S.C. Dep't of Corr.</u>, 355 S.C. 437, 586 S.E.2d 124, 126 (S.C. 2003). Pursuant to the South Carolina Administrative Procedures Act and the South Carolina Appellate Court Rules, an inmate who is dissatisfied with the decision of the Administrative Law Court may seek judicial review from the South Carolina Court of Appeals, and, ultimately, the South Carolina Supreme Court. S.C.Code Ann. § 1-23-610; Rule 226, SCACR.

Here, it is uncontested that Jones filed this petition here before allowing the South Carolina Supreme Court to consider and rule upon his Petition for a Writ of Certiorari challenging the denial by the Administrative Law Court and the Court of Appeals.

Habeas relief may be had only after a habeas petitioner has exhausted his state court remedies. As a result, the instant petition remains unexhausted and should be dismissed without prejudice.

## **CONCLUSION**

As Petitioner's claim is awaiting review in the highest state court with jurisdiction to decide it, it is recommended that the petition be dismissed without prejudice as unexhausted.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

December 20, 2010

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985).