IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Dyshum Michael Jones, #214747,  )  <br>                                                             )  <br>                      Petitioner,       )  <br>                                                             )  <br>           v.                                           )  <br>                                                             )  <br> LaVern Cohen, Warden of Ridgeland )  <br> Correctional Institution,                    )  <br>                                                             )  <br>                      Respondent.    )  <br> _____ ) | C/A No. 2:10-CV-01683-DCN <br><br> **ORDER & OPINION** |

This matter is before the court on the report and recommendation ("R&R") of Judge Robert S. Carr to dismiss without prejudice petitioner's writ of habeas corpus filed under 28 U.S.C. § 2241 and respondent's motion for summary judgment. Petitioner has submitted written objections to the R&R. For the reasons set forth below, the court adopts the magistrate judge's R&R and dismisses petitioner's request without prejudice.

## I. BACKGROUND

The petitioner, Dyshum Michael Jones, is presently confined to Ridgeland Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"). He is serving a thirty year sentence for Kidnapping First Degree, Armed Robbery, Strong Armed Robbery, and Assault and Battery, to which he pleaded guilty.

Jones was incarcerated on July 14, 1994. Jones petitions this court for a writ of habeas corpus because he believes he has been deprived of Earned Work and Education Credits. On or about May 23, 2006, Jones filed a Step 1 SCDC Grievance, and a Step 2 Grievance on or about July 5, 2006. Both were denied. On or about October 11, 2006,

1

Jones filed a notice of appeal before the Administrative Law Court challenging the final agency decision. On May 7, 2008, the Administrative Law Judge Paige Gossett affirmed the final agency decision and dismissed Jones' appeal. On July 3, 2008, Jones filed a notice of appeal before the South Carolina Court of Appeals challenging Judge Gossett's denial. On or about May 20, 2010, the South Carolina Court of Appeals affirmed Judge Gossett's decision.

Petitioner filed for habeas relief in the United States District Court of South Carolina on June 25, 2010. On August 4, 2010, Jones filed a petition for a writ of certiori in the South Carolina Supreme Court. Respondent filed the motion for summary judgment on August 5, 2010. On August 9, 2010, the petitioner was provided with a copy of the respondent's summary judgment motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rule 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The petitioner filed an opposition to the motion on August 30, 2010.

Magistrate Judge Carr filed an R&R regarding respondent's motion for summary judgment on December 20, 2010, finding that petitioner had failed to exhaust his administrative remedies because his petitioner for Writ of Certiorari before the Supreme Court of South Carolina was still pending at the time. Petitioner objects to this finding in the R&R but not the factual record.

## II.   STANDARD OF REVIEW

This court must conduct a de novo review of any portion or portions of the

magistrate judge's report to which an objection is made, and may accept, reject, or modify the recommendations contained therein. 28 U.S.C. § 636(b)(1). However, review by this court of findings or recommendations to which no party objects is not necessary. Thomas v. Arn, 474 U.S. 140, 150 (1985). A party's failure to object constitutes an acceptance of the magistrate judge's findings and recommendations. United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). A general objection which is not "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute" is inadequate to obtain district court review. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003) (citation omitted). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976).

### III. PRO SE PETITIONS

Plaintiff is proceeding pro se. Pro se petitions should be construed liberally by this court and are held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970 (1978). A federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

### IV. DISCUSSION

"Before a federal court may grant habeas relief to a state prisoner, the prisoner

must exhaust his remedies in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "The Fourth Circuit has held that in order to satisfy the exhaustion requirement, a habeas petitioner must fairly present his claims to the state's highest court." Haynes v. Warden, No. 2:09-1377, 2010 WL 503098, *3 (D.S.C. February 8, 2010) (citing Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997)). Exhaustion requires that state prisoners "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845. The exhaustion doctrine "turns on an inquiry into what procedures are 'available' under state law." Id. at 847.

Jones claims that he exhausted his state court remedies because the South Carolina Supreme Court waived the exhaustion requirement in a 1990 order, which stated:

> We recognize that criminal and post-conviction relief litigants have routinely petitioned this Court for writ of certiorari upon the Court of Appeals' denial of relief in order to exhaust all available state remedies. We therefore declare that in all appeals from criminal convictions or post-conviction relief matters, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. Rather, when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.

In re Exhaustion of State Remedies in Criminal & Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (1990); see also State v. McKennedy, 559 S.E.2d 850, 853 (2002). While "there is nothing in the exhaustion doctrine requiring federal courts to ignore a

state law or rule providing that a *given procedure is not available*," O'Sullivan, 526 U.S. at 847-48 (emphasis added), the 1990 Order does not render a petition to the South Carolina Supreme Court unavailable. In re Exhaustion states only that a petitioner "shall not be required" to petition for relief from the South Carolina Supreme Court, not that a prisoner would be foreclosed from petitioning the South Carolina Supreme Court if he so wished. In re Exhaustion, 471 S.E.2d at 454. Because a petition is available, Jones *must* petition to the South Carolina Supreme Court in order to exhaust his administrative remedies under O'Sullivan. See Spencer v. Murray, 18 F.3d 237, 239 (4th Cir. 1994) (holding that failure to present a claim to the state supreme court amounts to non-exhaustion).

Jones filed for habeas relief in the United States District Courts of South Carolina on June 25, 2010, and subsequently filed a petition for a writ of certiorari in the South Carolina Supreme Court on August 4, 2010. Since Jones petitioned for habeas relief before filing his petition for a writ of certiorari in the South Carolina Supreme Court, he did not exhaust all available state remedies prior to seeking federal habeas relief.

Jones also argues that since the South Carolina Supreme Court dismissed the writ of certiorari due to his inability to pay to have his rights restored, it waived the exhaustion requirement, entitling him to relief. As previously mentioned, a petitioner must present his claims to the state's highest court *before* filing a petition for federal habeas relief. O'Sullivan, 526 U.S. at 842. Jones failed to file the petition prior to requesting federal habeas relief. This court, therefore, adopts the R&R and dismisses petitioner's claim without prejudice.

## V.   CONCLUSION

For the foregoing reasons, the magistrate judge's report and recommendation is **ADOPTED**, the petitioner's request for federal habeas relief is **DISMISSED** without prejudice, and the court **FINDS AS MOOT** respondent's motion to for summary judgement.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied because petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**March 23, 2011**
**Charleston, South Carolina**